IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DANIEL M. PEREZ,
    Petitioner,

vs.                                                              Case No. 3:07cv454/RV/EMT

JAMES R. McDOUNOUGH,
    Respondent.
_____/

### **ORDER**

    Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida (Doc. 1).  The District Court for the Middle District determined that venue was proper in the Northern District; therefore, the case was transferred to this court (Doc. 3).

    Initially, the court notes that Petitioner failed to pay the filing fee of $5.00 or submit a motion to proceed in forma pauperis.  Petitioner is advised that the court will take no further action in this case until the matter of the filing fee is resolved.

    Additionally, Petitioner must file an amended petition on the proper court-approved form.[1]  Petitioner is a state inmate serving a sentence imposed on May 8, 2006 (*see* Doc. 1 at 1).  He appears to challenge disciplinary actions of the Florida Department of Corrections (DOC) that resulted in the forfeiture of gain time (*id*. at 1–2, Exhibits).  Because Petitioner is "in custody pursuant to the judgment of a State court," the requirements of  28 U.S.C. § 2254 apply.  *See* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) (quoting § 2254).  This is true even though he challenges the result of a disciplinary proceeding rather than the original conviction and sentence.  *See* Preiser v. Rodriguez, 411 U.S. 475, 482–99, 93 S. Ct. 1827, 1832–41, 36 L. Ed. 2d 439 (1973) (for state

---

[1]The District Court for the Middle District incorrectly identified Petitioner as a federal prisoner and classified his case as brought under 28 U.S.C. § 2241.

prisoners seeking restoration of good-time credit, lost in allegedly unconstitutional disciplinary proceedings, the exclusive remedy was in habeas corpus subject to the exhaustion requirement of § 2254); Felker v. Turpin, 518 U.S. 651, 662, 116 S. Ct. 2333, 2339, 135 L. Ed. 2d 827 (1996) ("[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") (citing § 2254(a)); Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002) (noting that Preiser and subsequent cases "authorized § 2254 as the sole remedy for a prisoner's challenge to revocation of good-time credits."); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (Felker "makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254") (also citing cases out of that circuit holding that § 2254 was the correct vehicle for challenging good time lost in disciplinary proceedings); Greene v. Tennessee Dept. of Corrections, 265 F.3d 369, 371 (6th Cir. 2001) (agreeing with this part of Walker). Accordingly, Petitioner must file an amended petition on the court approved form for use in § 2254 cases. Petitioner is advised that the amended pleading must contain all of his claims, and it should not in any way refer to the original pleading; when an amended pleading is filed, all earlier pleadings are disregarded. N.D. Fla. Loc. R. 15.1. Additionally, Petitioner must provide two (2) service copies of the amended petition, as well as any memoranda, appendices, and exhibits attached to the petition.

Finally, the court notes that Petitioner has not named the proper party as Respondent. Pursuant to 28 U.S.C. § 2242, the appropriate Respondent is the Secretary of the Department of Corrections, James R. McDonough; therefore, he shall be substituted as the sole Respondent in this cause, as the court has already done in the caption of this order.

Accordingly, it is **ORDERED**:

1. The clerk is directed to reclassify this case as brought under 28 U.S.C. § 2254 and change the docket to reflect that James R. McDonough is the sole Respondent in this cause. Additionally, the clerk shall send Petitioner a copy of the form for use in Section 2254 cases, as well as an application to proceed in forma pauperis. This case number should be written on the forms.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Petitioner shall pay the filing fee of $5.00 or submit a motion to proceed in forma pauperis, including the required attachments. Additionally within that time, Petitioner shall file an amended petition that complies with the instructions on the § 2254 form. Petitioner should completely fill out the § 2254 petition form, marking it "Amended Petition" and naming James R. McDonough as the sole Respondent. Petitioner shall provide two (2) copies of the amended petition, as well as any memoranda, appendices, and exhibits attached to the petition.

3. Failure to comply with this order will result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 25th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**