IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL M. PEREZ,
    Petitioner,

vs.                                               Case No.:  3:07cv454/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this action by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 14).  Petitioner filed an amended petition (Doc. 13), but on November 21, 2007, Petitioner was ordered to file a second amended petition to correct certain deficiencies in his amended petition (*see* Doc. 14).  Now before the court is Petitioner's notice to the court (Doc. 16), which will be construed as a notice of voluntary dismissal.  In the instant filing, Petitioner has advised the court that he "wish[es] to withdraw [his] habeas corpus [petition] at ths time" (Doc. 16 at 1).

    Rule 41(a)(1) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because service on Respondent has not yet been ordered in the instant case, it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice to Petitioner's refiling the petition.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from the date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not

counted.  *See* § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See* <u>Duncan v. Walker</u>, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)). Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's notice to the court (Doc. 16), construed as a notice of voluntary dismissal, be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 10th day of December 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**